**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-60148-SMITH**

**UNITED STATES OF AMERICA,**

v.

**CHRISTOPHER CHAPPELL,**

    **Defendant.**
_____/

**MR. CHAPPELL'S OBJECTIONS TO THE**
**PRESENTENCE INVESTIGATION REPORT**

The Defendant, Christopher Chappell, by and through counsel, files the following Objections to the Presentence Investigation Report ("PSI report"), and states as follows:

**OBJECTION NUMBER ONE, PAGE 1, PARAGRAPH 5:**

18 U.S.C. § 3014(a)(3) indicates that the Court shall assess $5000 on any nonindigent person convicted of an offense encompassed by this section. However, (b) of this section advises that,

> An assessment under subsection (a) shall not be payable until the person subject to the assessment has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal convictions on which the special assessment is based.

Although Mr. Chappell has assets that make him not indigent, depending on what happens with his prior employer, Florida Highway Patrol, and his retirement accounts, his financial position might change substantially overnight. This is based on how other law enforcement agencies have forfeited the pensions of prior employees for similar

offenses.

**OBJECTION NUMBER TWO, PAGES 4-5, PARAGRAPH 6:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense section which reads:

> Additionally, the defendant agreed to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to, an iPhone (IMEI 356683110203513 and 35663110553339).

We respectfully submit that the phrase should instead read,

> Additionally, the defendant agreed to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to, an iPhone (IMEI 356683110203513 and 35663110553339), **which contained no child sexual abuse material (CSAM)**.

**OBJECTION NUMBER THREE, PAGE 5, PARAGRAPH 8:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense section which currently reads:

> If the defendant resides in Florida, following release from prison, he will be subject to the registration requirements of Fla. Stat. § 943.0435.

We respectfully submit that the phrase should instead read,

> If the defendant resides in Florida, following release from prison, he **may** be subject to the registration requirements of Fla. Stat. § 943.0435

**OBJECTION NUMBER FOUR, PAGE 5, PARAGRAPH 9:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense section:

> The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the probation officer within 72 hours of release from imprisonment.

We respectfully submit that the phrase should instead read:

> **In the event that he is required to register as a sex offender**, the defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the probation officer within 72 hours of release from imprisonment, **should he be sentenced to a term of imprisonment.**

**OBJECTION NUMBER FIVE, PAGE 6, PARAGRAPH 16:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense Conduct section:

> An investigation revealed that the defendant, Christopher James [sic] Chappel (using screen names Fujikura76 and Santa Claus), engaged in communications with an online covert employee (the "OCE"), from the Federal Bureau of Investigation (FBI), and "Individual 1" regarding child sexual abuse material (CSAM).

We respectfully submit that the phrase should instead read:

> An investigation revealed that the defendant, Christopher James Chappell (using screen names Fujikura76 and Santa Claus), engaged in communications with an online covert employee (the "OCE"), from the Federal Bureau of Investigation (FBI), and "Individual 1" regarding child sexual abuse material (CSAM). Said conduct did not involve Mr. Chappell participating in a complete transaction with the OCE, and no CSAM was ever found on Mr. Chappell's phone.

**OBJECTION NUMBER SIX, PAGE 7, PARAGRAPH 19:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense Conduct section:

The video was sent in response to Individual 2 stating,

> I wanna see vids of you guys jerking off to cp. The defendant knew that "cp" referred to CSAM or child pornography. In this chat group, the defendant provided his name, his home address and photographs of himself. **While providing his name, his home address, and photographs of himself, the defendant did not provide material containing CSAM**.

We respectfully submit that the phrase should instead read:

> The video, **which did not contain CSAM**, was sent in response to Individual 2 stating, "I wanna see vids of you guys jerking off to cp." The defendant knew that "cp" referred to CSAM or child pornography. In this chat group, the defendant provided his name, his home address, and photographs of himself. **While providing his name, his home address, and photographs of himself, the defendant did not provide material containing CSAM.**"

**OBJECTION NUMBER SEVEN, PAGES 7-8, PARAGRAPH 20:**

Mr. Chappell objects to the inclusion of this entire section that appears in the PSI report's Offense Conduct section. The entire section is objectionable as Chappell engaged in role play and aborted his interaction with the chat group administrator. Furthermore, it was grotesquely overstated and misrepresentative of Chappell's conduct in that it claimed Chappell admitted to having sexual contact with a minor, admitted to viewing CSAM on Twitter, and viewing CSAM on December 16, 2021. This is not accurate. In the chat below the main paragraph as set forth below, the chat included a claim that Chappell had Twitter links, but does not state that it is actual CSAM. The alleged admission to having set with a minor was not real, but a fantasy based on an incident that occurred when Chappell was a 12-year-old minor himself and was abused by a 15-year-old boy. At no time does Chappell state that he was an adult having sexual relations with a minor child.

Furthermore, the role play is evidenced by Chappell not disclosing his accurate age and exaggerating his contact with Individual 1. Ultimately, Chappell decided to disengage from the role-play conversation he was having with the chat group administrator, as stated in the chat. The paragraph currently reads as follows:

> Thereafter, on February 7, 2022, through February 8, 2022, the defendant communicated with Individual 1, via two separate messaging applications. In his communications with Individual 1, the defendant indicated that he was interested in being invited to a chat group with individuals who shared CSAM (the "Chat Group"). On February 8, 2022, the defendant communicated with OCE, who was posing as the administrator of the chat group via a messaging application and advised that he (the defendant) was interested in CSAM depicting boys between the ages of 8 to 13 years old. During this conversation, the defendant also admitted to previously having sexual contact with a minor, viewing CSAM on Twitter, and viewing CSAM on December 16, 2021.

This paragraph is followed by the distorted, roleplay chat. We respectfully submit that the paragraph and the subsequent chat should not be included in the PSR, as the conduct did not involve actual conduct involving child pornography.

**OBJECTION NUMBER EIGHT, PAGE 8, PARAGRAPH 21:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense Conduct section:

> These communications revealed that, in addition to Individual 1 and the OCE, the defendant spoke with other unknown individuals on multiple occasions about his interest in CSAM and the sexual abuse of minors.

We respectfully submit that this paragraph should not be included in the PSR, as it lacks any reliable factual basis. Mr. Chappell shouldn't be penalized for fantasies or role-play.

**OBJECTION NUMBER NINE, PAGES 8-9, PARAGRAPH 22:**

Mr. Chappell objects to the inclusion of this chat allegedly from January 6, 2020 with an unknown user. It is unfair to include excerpts of a conversation with unknown individuals so that the entire context of a relationship or interaction could be addressed rather than looking at a small excerpt that distorts the context. Furthermore, this conversation constitutes fantasy and role-playing which isn't illegal. In the chat, there is no admission of an interest in CSAM materials. In fact, when asked if there are videos of his sleeping with someone else, Chappell replies, "just jack off vids." Chappell was looking for the response from the unknown individual from the chat which is what turned him on. He is not charged with anything related to this chat and it doesn't constitute relevant conduct. This is merely inflammatory.

**OBJECTION NUMBER TEN, PAGE 9, PARAGRAPH 23:**

Mr. Chappell objects to the inclusion of this paragraph containing two text messages recovered from May 10, 2020, in a conversation with another unknown user. It is also patently unfair to include conversations with unknown users. It is unfair to include excerpts of a conversation with unknown individuals so that the entire context of a relationship or interaction could be addressed rather than looking at a small excerpt that distorts the context. Furthermore, this conversation constitutes fantasy and role-playing which isn't illegal. In the chat, there is no admission of interest in CSAM materials or underage individuals. The texts talk about a dream which isn't illegal. It was intended to evoke a response from the unknown individual at the other end which is the reaction Mr. Chappell was looking for.

**OBJECTION NUMBER ELEVEN, PAGES 9-10, PARAGRAPH 24:**

Mr. Chappell objects to the alleged text conversation from July 22, 2021. It is patently unfair to include conversations with unknown users. It is unfair to include excerpts of a conversation with unknown individuals so that the entire context of a relationship or interaction could be addressed, rather than looking at a small excerpt that distorts the context. Furthermore, this conversation constitutes fantasy and role-playing, which isn't illegal.

**OBJECTION NUMBER TWELVE, PAGE 10, PARAGRAPH 25:**

Mr. Chappell objects to the alleged text conversation from January 23, 2022, with an unknown user. It is patently unfair to include conversations with unknown users. It is unfair to include excerpts of a conversation with unknown individuals so that the entire context of a relationship or interaction could be addressed rather than looking at a small excerpt that distorts the context. Furthermore, this conversation constitutes fantasy and role-playing, which isn't illegal. Finally, to utilize Grindr, a website used by gay men to meet up with other gay men, you need to be age 18 or older and Gridr checks the identification of users, which would lead one to believe that Mr. Chappell and the unknown user were talking about finding a third participant, who is over 18 years of age, to have sex with them.

**OBJECTION NUMBER THIRTEEN, PAGE 10, PARAGRAPH 26:**

Mr. Chappell objects to the alleged text conversation from May 9, 2022, with an unknown user. It is patently unfair to include conversations with unknown users. It is unfair to include excerpts of a conversation with unknown individuals so that the entire

context of a relationship or interaction could be addressed rather than looking at a small excerpt that distorts the context. Furthermore, this conversation constitutes fantasy and role-playing which isn't illegal. Finally, many gay men laser their butt holes so that they are smooth – it does not imply that the person is a minor.

**OBJECTION NUMBER FOURTEEN, PAGE 10, PARAGRAPH 28:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense Conduct section which reads:

> The defendant is held accountable for possession of one image and one video. . .As such, the video files shall be considered an additional 75 (1 X 75) images.  In total, the defendant is held accountable for 76 images.

We respectfully object to the number of images cited in this section of the PSR.  The photograph that Mr. Chappell sent was an image of part of one adult male penis held by another adult male's hand with an iPad in the background with unidentifiable material on the screen of the iPad that was not CSAM and a phone resting on top of the iPad with a still frame from a video that contained CSAM. Due to the size of the photo and the size of the phone as viewable in the original photo, it is difficult to accurately ascertain what the still image on the phone is of.

Only when the image is blown up much larger than the original photo, it is possible to see that the image sent showed a still on the small cell phone in the photo sent of a prepubescent boy's rear, which by itself does not constitute sexually explicit material or have sexually explicit conduct. Even when blown up, it is hard to ascertain what the image on the phone was a still image of. However, the still image was not by itself

CSAM (although it is acknowledged that the video was of CSAM and was on the phone of the other individual). The video sent by Mr. Chappell contained no CSAM and the subject phone, which belonged to the other male, wasn't present in the video. The video was of an adult male masturbating. Accordingly, Mr. Chappell shouldn't be held accountable for any images.

**OBJECTION NUMBER FIFTEEN, PAGES 10-11, PARAGRAPH 29:**

Mr. Chappell objects to this paragraph to the extent that it fails to mention that the child in the video which was on the phone of the other adult male he was masturbating with was not identified.

**OBJECTION NUMBER SIXTEEN, PAGE 11, PAGE 23, PARAGRAPHS 30-32, PARAGRAPH 103:**

Mr. Chappell objects to these paragraphs to the extent they refer to victims, as opposed to a single victim, as the CSAM video contained only one victim

**OBJECTION NUMBER SEVENTEEN, PAGE 12, PARAGRAPH 36:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense Level Computation section:

> **Specific Offense Characteristics:** Because the material involved a prepubescent minor or a minor who had not attained the age of 12 years, there is a two-level increase pursuant to § 2G2.2(b)(2).

We respectfully object to the proposed 2-level enhancement for material containing, "prepubescent minor or minor who had not obtained the age of 12 years old," pursuant to 2G2.2(b)(2). This is because the photograph sent by Mr. Chappell, which contained a still image of the video in the background as previously described above, did not contact child

pornography in the still photo. Likewise, the video sent by Mr. Chappell also didn't contact any CSAM.

**OBJECTION NUMBER EIGHTEEN, PAGE 12, PARAGRAPH 37:**

Mr. Chappell objects to the two-level enhancement for the use of a computer as the phone which Mr. Chappell used did not contain or transmit CSAM. It was the phone of the other individual that contained CSAM on it.

**OBJECTION NUMBER NINETEEN, PAGE 12, PARAGRAPH 45:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offense Level Computation section:

> "**Total Offense Level: 19**."
>
> We respectfully object to the Total Offense level, based upon Mr. Chappell's objection to the PSR's recommended 2 level enhancement pursuant to pursuant to § 2G2.2(b)(2) and the two level enhancement for § 2G2.2(b)(6).
>
> Furthermore, we object for a further reduction pursuant to a pending revision of § 1B1.13 setting terms for a "Reduction in Term of Imprisonment under 18 U.S.C § 3582(c)(1)(A)," Mr. Chappell's Total Offense Level should be **13**.

**OBJECTION NUMBER TWENTY, PAGE 14, PARAGRAPH 55:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics - Personal and Family Data – section. We respectfully object to the phrase,

> His mother, who also had issues with alcohol and was diagnosed with bipolar disorder, continued to have contact with the defendant. . .because she would get "frazzled" and "upset" when they were in contact.

Mr. Chappell's mother would only get frazzled and upset when he and his brother were teenagers as they were too much for her to handle then. His father raised him primarily. Furthermore, the paragraph continues to discuss at least two psychiatric evaluations. Upon information and belief, they were extended Baker Acts.

**OBJECTION NUMBER TWENTY-ONE, PAGE 14, PARAGRAPH 57:**

Mr. Chappell wanted it clarified that since the inception of this case, he has not had contact with Mr. Voorhees' son.

**OBJECTION NUMBER TWENTY-TWO, PAGE 16, PARAGRAPH 65:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Mental and Emotional section. We respectfully object to the following:

> Regarding his sexual history, the defendant provided the following information. At the age of 13, he used a web camera, to engage in conversations with men while he masturbated. At the age of 15, his father discovered this behavior and confronted the defendant, which made him feel shameful.

We respectfully submit that the paragraph should instead read,

> Regarding his sexual history, the defendant provided the following information. **At age 8, a teenager with Down's Syndrome took his hand and made him touch her vagina and she tried to touch his penis before he fled. Around age eleven, his adult neighbors enticed him to come over to their house and had him watch pornography with them and then they would go upstairs and hook up with each other and he was afraid to tell anyone about it. At age 12, he was sexually abused by a boy who was approximately 15 who masturbated him and performed oral sex on him and made him reciprocate and perform oral sex on him**. At the age of 13,

he used a web camera, to engage in conversations with **boys his own age** while he masturbated. At the age of 15, his father discovered that he was having conversations with other boys and masturbating and confronted the defendant **about being gay**, which made him feel shameful **about his sexuality**.

### OBJECTION NUMBER THIRTEEN, PAGE 16, PARAGRAPH 66:

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Mental and Emotional section,

> The defendant estimated that, since he became sexually active in 1998, he has had approximately 1,000 sexual partners. . .The defendant denied attraction to minors or possessing other child sexual abuse materials.

We respectfully submit that the phrase should instead read:

> The defendant estimated that, since he became sexually active in 1998, he has had **over** 1,000 sexual partners. . .The defendant denied attraction to minors or possessing **any** child sexual abuse materials.

### OBJECTION NUMBER FOURTEEN, PAGE 17, PARAGRAPH 67:

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Mental and Emotional – section,

> Finally, the defendant recounted that, at the age of 12, he was alone in a bedroom with a 15-year-old unnamed male neighbor when, on a single occasion, he engaged in oral sex and masturbation with this neighbor.

We respectfully submit that the phrase should instead read,

> Finally, the defendant recounted that, at the age of 12, he was alone in a bedroom with a 15-year-old unnamed male neighbor when, on a single occasion, he engaged in oral sex and masturbation with this neighbor. **Mr. Chappell was not attracted to the neighbor, and he did not say no because he felt intimidated into going through with it**.

**OBJECTION NUMBER FIFTEEN, PAGE 17, PARAGRAPH 69:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Substance Abuse – section, "the defendant provided information regarding his consumption of alcoholic beverages and use of marijuana." We respectfully submit that the paragraph should read, "The defendant provided information regarding his consumption of alcoholic beverages and use of marijuana. **His use of marijuana was limited to only two occasions during his lifetime**."

**OBJECTION NUMBER SIXTEEN, PAGE 18, PARAGRAPH 76:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Educational and Vocational Skills – section,

> Documentation received from this college reflected that the defendant was in attendance in the Fall semester of 1994 through the Spring semester of 1999; however, an associate degree was not conferred.

We respectfully submit that the phrase should instead read:

> Documentation received from this college reflected that the defendant was in attendance in the Fall semester of 1994 through the Spring semester of 1999; however, an associate degree was not conferred. **However, Mr. Chappell never claimed to have obtained an Associate's Degree.**

**OBJECTION NUMBER SEVENTEEN, PAGE 18, PARAGRAPH 77:**

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Educational and Vocational Skills - section:

> In 2000, the defendant completed training at the Florida Highway Patrol Academy in Tallahassee, Florida. Verification was requested from the Florida Highway Patrol and the Florida Department of Management Services, and responses remain

outstanding.

We respectfully submit that the paragraph should instead read,

> **From 1999 through 2000, Mr. Chappell worked for the Florida Highway Patrol as a dispatcher**. In 2000, the defendant completed training at the Florida Highway Patrol Academy in Tallahassee, Florida. Verification was requested from the Florida Highway Patrol and the Florida Department of Management Services, and responses remain outstanding.

### OBJECTION NUMBER EIGHTEEN, PAGE 18, PARAGRAPH 79:

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Offender Characteristics – Employment Record – section,

> Since July 21, 2022, the defendant has been unemployed and supported by his former paramour, Daniel Matthew Voorhees. Mr. Voorhees verified this information and supplied that, although they are no longer romantically involved, he remains supportive of the defendant.

We respectfully submit that the paragraph should instead read,

> Since July 21, 2022, the defendant has been unemployed and supported by his former paramour, Daniel Matthew Voorhees. Mr. Voorhees verified this information and supplied that, although they are no longer romantically involved, he remains supportive of the defendant. **However, Mr. Vorhees' support of Mr. Chappell (financial or otherwise) will end upon Mr. Chappell's sentencing**. **Furthermore, Mr. Chappell owes Mr. Voorhees reimbursement for his legal fees and expenses for this case, including his treatment at the Meadows, and is obligated to repay him for the money he has advanced on his behalf.**

### OBJECTION NUMBER NINETEEN, PAGE 19, PARAGRAPHS 81-86, 91:

Mr. Chappell objects to the inclusion of the following that appears in the PSI report's Financial Condition: Ability to Pay – Assets – section. Many of the amounts

listed in assets were incorrect. The current balances that need to be corrected based on the most recent statements are as follows:

| | |
|---|---|
| Suncoast Schools Federal Credit Union | $718 |
| FRS | $368,572.72 |
| Schwab Deferred Compensation | $111,570.39 |
| Charles Schwab Roth Ira | $54,603.96 |
| Charles Schwab Designated Plan | $65,852.90 |
| 2020 Chris Craft | $200,000.00 |
| | |
| Total Assets: | $885,235.97 |
| | |
| Liabilities: | |
| | |
| Credit card debt | $4594 |
| | |
| Debt to Voorhees | $251,000 legal fees and expert costs (final TBD) $75,000 Greenberg legal fees $70,000 Meadows Treatment $TBD counseling Dr. Butts |
| | |
| Total Debt | $400,594 |
| | |
| Net worth | *$484,641.97 |

We respectfully object to the notation that Mr. Chappell will have $200,000.00 available for himself pursuant to his ownership of a 2020 Chris Craft boat, since the ownership of that boat has been pledged to be transferred to Mr. Vorhees, his soon-to-be former partner, once Mr. Chappell allowed to dispose of the boat which is securing his bond. In addition, it is likely that his Florida Retirement System, which is currently worth approximately $368,572.72 plus his deferred compensation of $111,570.39 will be

forfeited upon his sentence as has been done with other former law enforcement officers charged with similar crimes which would reduce his total assets by $680,143.11. He will be left with $205,092.86 and debt in the amount of $400,594 so it is anticipated that he will have a negative net worth. Furthermore, he plans on going to college to get a degree and/or a trade school so that he can earn a living since he will not be able to work in his prior industry so he will need to obtain loans for college and/or trade school and living expenses which will put him into further debt.

Accordingly, based on the revised net worth and Mr. Chappell's debts to be repaid to Mr. Voorhees and his need to attend college and/or vocational training to support himself, Mr. Chappell does not have the ability to pay a fine and the additional special assessment.

**OBJECTION NUMBER TWENTY, PAGE 22, PARAGRAPHS 93, 98, 101:**

Mr. Chappell objects to the PSI report's Sentencing Options: Custody – Guideline Provisions – section. Specifically, we respectfully object to a total offense level of 19. Based upon Mr. Chappell's objection to a 2-point enhancement pursuant to § 2G2.2(b)(2), as well as a 2-point enhancement for the use of a computer as well as a 2-point reduction pursuant to a pending revision of § 1B1.13 setting terms for a "Reduction in Term of Imprisonment under 18 U.S.C § 3582(c)(1)(A)," Mr. Chappell's Total Offense Level should be **13,** with a recommended guideline imprisonment of **12 to 18 months, Zone C**. Further, based on an offense level of 13, the fine range would be $5500-$55000.

Dated: May 9, 2023.

Respectfully submitted,

/*s*/Leah H. Mayersohn
Leah H. Mayersohn, Esq.
FBN: 0009059
Mayersohn Law Group, P.A.
101 N.E. Third Ave, Suite 1250
Ft. Lauderdale, Florida 33301
(954) 765-1900
service@mayersohn.law
Attorney for Mr. Chappell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

/*s*/Leah H. Mayersohn
Leah H. Mayersohn, Esq.
FBN: 0009059
Mayersohn Law Group, P.A.
101 N.E. Third Ave, Suite 1250
Ft. Lauderdale, Florida 33301
(954) 765-1900
service@mayersohn.law
Attorney for Mr. Chappell